IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01603-STV

SOLOMON BEZABEH HAGOS,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,
TODD BLANCHE, Acting United States Attorney General,
GEORGE VALDEZ, Field Office Director, Denver Field Office, United States
Immigration and Customs Enforcement, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondents.

---

## ORDER

---

Magistrate Judge Scott T. Varholak

This matter is before the Court on Mr. Hagos Solomon Bezabeh Hagos's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") and his Motion for Preliminary Injunction and Temporary Restraining Order (the "Motion") [##7, 27]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of final judgment [## 21, 24, 25]. In his Petition, Mr. Hagos seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention in Immigration and Customs Enforcement ("ICE") custody [#7]. For the following reasons, the Petition is **GRANTED**, and the Motion is **DENIED** as moot.

1

## I.    BACKGROUND

Mr. Hagos is a citizen of Ethiopia. [#20-1, at ¶ 4] He entered the United States in 1982 as a lawful permanent resident. [*Id*. at ¶ 5] In 2011, Mr. Hagos was convicted of unlawful sexual contact. [*Id*. at ¶ 6] On June 19, 2013, the Department of Homeland Security issued Mr. Hagos a Notice to Appear, initiating removal proceedings. [*Id*. at ¶ 8] The Notice to Appear charged Mr. Hagos with being deportable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he had committed an "aggravated felony," as that term is defined at 8 U.S.C. § 1101(a)(43)(A). [*Id*.] That charge was sustained after a hearing, and a final order of removal was entered in 2013. [*Id*. at ¶ 9] Mr. Hagos was released in October of 2013 on an order of supervision after Ethiopia advised that it would not provide a travel document for Mr. Hagos. [*Id*. at ¶¶ 10-14]

On August 5, 2025, ICE arrested Mr. Hagos and revoked his supervision. [*Id.* at ¶ 16] Mr. Hagos has been in custody since his arrest awaiting removal [*Id*. at ¶¶ 24-25]. In October 2025, ICE conducted a Post Order Custody Review pursuant to 8 C.F.R. § 241.4, after giving Mr. Hagos notice of the criteria that ICE would consider and advising that Mr. Hagos could submit documents in support of his release. [*Id*. at ¶¶ 19-20] After review, ICE determined that Mr. Hagos did not satisfy the criteria for release, because he failed to demonstrate that, if released, he would not pose a significant risk of flight pending removal from the United States. [*Id*. at ¶¶ 19, 22]

In January of 2026, ICE submitted a travel document request to the Ethiopian consulate. [*Id*. at ¶ 21] Mr. Hagos was interviewed by the Ethiopian consulate on June

12, 2026. [*Id*. at ¶ 23] No travel document has been issued for Mr. Hagos and Respondents state that ICE is awaiting a response from the Ethiopian government regarding its request for a travel document.  [#20 at 3]

## II.    ARGUMENT

In the Petition, Mr. Hagos asserts four grounds for relief. First, he contends that his detention has been unconstitutionally prolonged in violation of the Fifth Amendment of the United States Constitution. [# 7 at 6] Second, he contends that his detention is not authorized by the Immigration and Nationality Act. [*Id*.] Third, he contends that his deportation is not significantly likely in the reasonably foreseeable future. [*Id.*] Fourth, he contends that his prolonged detention has affected his health. [*Id*. at 7] As relief, Mr. Hagos seeks immediate release from ICE custody. [*Id*.]

## II.    LEGAL STANDARDS

### A.    Habeas Corpus Relief

An application for a writ of habeas corpus under 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted if Mr. Hagos "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v.*

3

*Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-688 (2001)).

**B.      Post-Removal Detention**

"[W]hen [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the [noncitizen]." 8 U.S.C. § 1231(a)(2).

After the 90-day removal period, ICE has discretion to continue detaining individuals who are subject to a final order of removal, *see* 8 U.S.C. § 1231(a)(6), however, that detention may not be indefinite; such detention is presumptively reasonable for only six months. *Zadvydas*, 533 U.S. at 701. After that, if the individual in custody "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. As the length of confinement grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

4

### C.    Temporary Restraining Order

"The standard for a [temporary restraining order] is the same as that for a preliminary injunction."  *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (citing *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002)). To obtain a temporary restraining order or preliminary injunction, the moving party must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).  The moving party must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (emphasis omitted), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

Preliminary injunctions that require the nonmoving party to take some affirmative action "are disfavored." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021). To obtain a "disfavored" injunction, the moving party must "make a heightened showing of the four factors." *Colorado v. Griswold*, 99 F.4th 1234, 1240 n.4 (10th Cir. 2024) (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009)). Because a preliminary injunction is "an extraordinary remedy never awarded as of

right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), the moving party's right to relief must be "clear and unequivocal," *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quotation omitted).

## III.    ANALYSIS

### A.    The Lawfulness of Petitioner's Detention

Mr. Hagos argues that because there is no significant likelihood of his removal from the United States in the reasonably foreseeable future, his immediate release is required under Section 1231(a)(6). [#7 at 6-7] In *Zadvydas*, the Supreme Court held that Section 1231 contains an implicit temporal limitation to avoid constitutional infirmity, and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699.  The Supreme Court recognized a presumptively reasonable period of six months for detention following a final order of removal.  *Id*. at 701.  Once that period expires, a petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to the government to respond with evidence sufficient to rebut that showing.  *Id*.  "If the government meets its burden, continued detention is permitted; however, if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released."  *Fadwa v. Lyons,* No. 25-cv-03660-PAB, 2025 WL 3525026, at *2 (D. Colo. Dec. 9, 2025) (citing *Zadvydas*, 533 U.S. at 701).

Mr. Hagos's removal order became administratively final in 2013. [#20-1 at ¶ 9] He was most recently taken into ICE custody on August 5, 2025, and has been continuously detained under Section 1231. [*Id.* at ¶¶ 16, 24] Thus, as of the date of this Order, Mr. Hagos has been in post-final-order detention for just over one year. Accordingly, the presumptively reasonable period under *Zadvydas* has expired.

Respondents argue that Mr. Hagos has not met his initial burden because the Petition offers only the assertion that Ethiopia does not want him back because "I'm from Tigray." [#20 at 11 (citing #7 at 7)] The Court is not persuaded. While Mr. Hagos's pro se Petition does not offer robust factual allegations, the Petition and the record before the Court amply demonstrates good reason to believe that removal is not likely in the reasonably foreseeable future. Ethiopia declined to issue a travel document for Mr. Hagos in 2013, and the only action that has been taken in response to ICE's January 2026 request for a travel document is that Mr. Hagos was interviewed by the Ethiopian consulate almost two months ago. [#20-1 at ¶¶ 14, 23-24] The Court therefore finds Mr. Hagos's initial burden is satisfied. Accordingly, the burden shifts to Respondents to demonstrate a significant likelihood of removal in the reasonably foreseeable future.

The Court acknowledges that Respondents' have made efforts to remove Mr. Hagos. Nevertheless, the record does not establish a significant likelihood that Mr. Hagos's removal to Ethiopia (or any other country) will actually be accomplished in the reasonably foreseeable future. In fact, Respondents provide no timeline for when they expect to accomplish Mr. Hagos's removal. And, while Respondents offer to provide a

status report in thirty days providing an update on their progress [#20 at 10-11], more than thirty days have passed since the filing of their Response with no apparent change in the status of their removal efforts.  Absent a confirmed removal date, a travel document, or any indication of a concrete timeline, Respondents' showing amounts to a representation that removal efforts are ongoing, not that removal is likely.  Because Respondents have not shown a significant likelihood that Mr. Hagos's removal will be accomplished in the reasonably foreseeable future, his continued detention contravenes Section 1231 and *Zadvydas*. The Court therefore GRANTS Mr. Hagos's petition and orders his release, subject to such conditions of supervision as the Attorney General may impose pursuant to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h).

### B.    Plaintiff's Claim Relating to His Health

Because the Court is ordering Mr. Hagos's release on other grounds, his claim relating to his health [#7 at 7] is arguably moot.  Additionally, liberally construed, this claim alleges deliberate indifference regarding Petitioner's medical care invoking the Eighth Amendment's prohibition against cruel and unusual punishment.  The Tenth Circuit "[has] recognized that federal claims challenging the conditions of . . . confinement generally do not arise under § 2241."  *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000).  The Court therefore declines consideration of this claim.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Hagos's amended Petition for Writ of Habeas Corpus [#7] is **GRANTED**, and the Motion for Preliminary Injunction and Temporary

Restraining Order [#27] is **DENIED** as moot.  Mr. Hagos shall be released from custody on or before August 13, 2026, subject to such conditions of supervision as the Attorney General may impose pursuant to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h).

DATED:  August 6, 2026                    BY THE COURT:


                                        s/Scott T. Varholak
                                        United States Magistrate Judge